IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| BEAZLEY UNDERWRITING, LTD., | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 6:20-cv-00829 |
| vs. | § § | ACTION FOR DECLARATORY RELIEF |
| DANIELS HOSPITALITY GROUP, LLC, | § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR
## DECLARATORY JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Beazley Underwriting, Ltd. ("Beazley") files this Original Complaint for Declaratory Judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 and, in support, respectfully shows the Court as follows:

### I. THE PARTIES

1. Plaintiff Beazley is a United Kingdom corporation and is a citizen and resident of the United Kingdom. Beazley was incorporated and formed under the laws of England and Wales, with its principal place of business at Plantation Place South, 60 Great Tower Street, London, United Kingdom EC3R 5AD.

2. Defendant Daniels Hospitality Group, LLC ("Daniels Hospitality") is a Texas company with its principal place of business in Fairfield, Texas. It can be served through its registered agent: Gilbert A. Daniel, Jr. at 1015 West Commerce, Fairfield, Texas 75840. Upon information and belief, the members of Daniels Hospitality are citizens of the State of Texas, and at a minimum, none of the members of Daniels Hospitality are citizens of the United Kingdom.

## II. JURISDICTION

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 2201 because complete diversity exists between the parties, the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, and Beazley seeks declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, the Federal Declaratory Judgment statute.

4. Beazley subscribes to Policy No. W2380C190201 (Ex. A) and has more than $75,000 at issue in this litigation, and the subscriber to a Lloyd's insurance policy is a proper party.

5. Daniels Hospitality has demanded $1,265,879.74 under the subject insurance policy (Ex. B), and a controversy exists regarding the duties, rights, and obligations, if any, under the subject insurance policy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because the properties at issue are located in this district and Daniels Hospitality resides in this district.

## III. INTRODUCTION AND BACKGROUND

7. Daniels Hospitality is the Named Insured under a commercial property policy subscribed to by Beazley, Policy No. W2380C190201 (the "Policy"), which provides property damage and business income coverage to a group of service and hospitality properties owned and operated by Daniels Hospitality (the "Properties").

8. The Policy has effective dates of June 21, 2019 to June 21, 2020.

9. This declaratory judgment action arises from Daniels Hospitality's insurance claim for business income losses resulting from COVID-19.

10. The Policy has a limit of insurance of $6,941,755.00 for building property damage and business income, which is subject to the separate limits set forth in the Limit of Liability Clause endorsement (FS C 468 12 10). The Limit of Liability Clause endorsement limits the building and business income coverage available to the stated value for each scheduled item of

coverage insured at the location as shown in the Statement of Values. For example, the Limit of Liability Clause endorsement and the referenced Statement of Values limit Daniels Hospitality's building recovery concerning 390 I45 Sam's Restaurant to $1,300,000.00 and business income recovery to $1,000,000.00. The Policy has deductible of $5,000.00 per occurrence for building property damage and business income for losses not arising from wind, wind driven rain, or hail.

11. On or about March 19, 2020, Daniels Hospitality made a claim with Beazley regarding business income losses due to COVID-19.

12. Daniels Hospitality claims that, following Governor Abbott's and the Texas Department of State Health Services' proclamations and orders regarding COVID-19, its restaurants attempted to operate without dining rooms, and its sales were reduced to only sales from delivery and drive through services, and since then it has been permitted to reopen its dining rooms but at reduced capacity.

13. Daniels Hospitality confirmed that there are no known direct or physical damages to the Properties as a result of the governmental orders or COVID-19. Daniels Hospitality also confirmed that there no known employees, vendors, customers, or anyone who were infected with COVID-19 while within the Properties. Rather, Daniels Hospitality's claim was related solely to the governmental orders that reduced its income and operating capacity.

14. On or about April 30, 2020, Daniels Hospitality was advised that there was no coverage under the Policy.

15. On or about August 27, 2020, Daniels Hospitality issued a demand in the amount of $1,265,879.74 for coverage under the Policy.

16. Beazley has filed this declaratory judgment action for a determination concerning whether Daniels Hospitality is entitled to business income coverage and/or coverage for property damage for its claimed COVID-19 losses and/or the extent to which payment may be owed.

### IV. **SUMMARY OF COVERAGE ISSUES**

17. Beazley seeks a declaration as to the following coverage issues:

18. Whether the claimed business income losses for COVID-19 constitute covered losses under the Policy;

19. Whether the Policy requires direct physical loss of or damage to property for business income losses, and whether Daniels Hospitality has sustained direct physical loss of or damage to property from COVID-19 at any of its locations;

20. Whether the Policy excludes coverage for the claimed business income losses, including claims for losses arising from (a) an ordinance or law regulating the use of property, (b) loss of use, (c) loss of market, (d) a microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health, (e) the presence, existence, or release of anything which endangers or threatens to endanger the health, safety or welfare of persons, and/or (f) acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body;

21. Whether any payment is owed by Beazley to Daniels Hospitality under the Policy; and

22. If payment is owed, the Policy's provisions, limitations, conditions, exclusions, and deductible operate to limit, reduce, or otherwise exclude coverage, including but not limited to the Limit of Liability Clause that specifies the maximum recoverable loss of earnings/business income coverage per location and the coverage limitations under each specific coverage, such as the 72-hour waiting period and three-week coverage limitation for Civil Authority.

## V. THE INSURANCE POLICY

23. The terms, conditions, definitions, exclusions, and other provisions of the Policy are incorporated herein by reference.

24. All conditions precedent to filing this lawsuit have occurred.

25. The Building and Personal Property Coverage Form (CP 00 10 04 02) provides as follows:

\* \* \*

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

\* \* \*

26. The Business Income (Without Extra Expense) Coverage Form (CP 00 32 04 02) provides as follows:

\* \* \*

**A. Coverage**

**1. Business Income**

\* \* \*

We will pay for the actual loss of Business Income you sustain due to the necessary suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss…

\* \* \*

**4. Additional Coverages**

\* \* \*

**b. Civil Authority**

We will pay for the actual loss of Business Income you sustain caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss. This

        coverage begins 72 hours after the time of that action, and will apply for a period of up to three consecutive weeks from the date on which the coverage begins.

* * *

27.      The Causes of Loss – Special Form (CP 10 30 04 02) provides as follows:

* * *

**A. Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means Risks Of Direct Physical Loss unless the loss is:

**1.** Excluded in Section **B.,** Exclusions; or
**2.** Limited in Section **C.,** Limitations; that follow.

**B. Exclusions**

**1.** We will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.

    **a. Ordinance Or Law**

        The enforcement of any ordinance or law:

        **(1)** Regulating the … use … of any property …

* * *

        This exclusion, Ordinance Or Law, applies whether the loss results from:

        **(1)** An ordinance or law that is enforced even if the property has not been damaged;

* * *

**2.** We will not pay for loss or damage caused by or resulting from any of the following:

* * *

    **b.** Delay, loss of use or loss of market.

* * *

**3.** We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.** But if an excluded cause of loss that is listed in **3.a.**

6

>through **3.c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

* * *

>   **b.** Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

* * *

28.     The Microorganism Exclusion (Absolute) endorsement (LMA5018) provides as follows:

* * *

> **Notwithstanding any provision to the contrary within this Policy or any endorsement thereto, it is understood and agreed the following applies to this Policy:**
>
> <b>MICROORGANISM EXCLUSION (ABSOLUTE)</b><br>Form approved by Lloyd's Market Association
>
> This Policy does not insure any loss, damage, claim, cost, expense or other sum directly or indirectly arising out of or relating to:
>
>> mold, mildew, fungus, spares or other microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health.
>
> This Exclusion applies regardless whether there is (i) any physical loss or damage to insured property; (ii) any insured peril or cause, whether or not contributing concurrently or in any sequence; (iii) any loss of use, occupancy, or functionality; or (iv) any action required, including but not limited to repair, replacement, removal, cleanup, abatement, disposal, relocation, or steps taken to address medical or legal concerns.
>
> This Exclusion replaces and supersedes any provision in the Policy that provides insurance, in whole or in part, for these matters.

* * *

29.     The Seepage and/or Pollution and/or Contamination Exclusion in the Policy's USA & Canada endorsement (NMA2340) provides as follows:

* * *

> **SEEPAGE AND/OR POLLUTION AND/OR CONTAMINATION EXCLUSION**

7

Notwithstanding any provision to the contrary within the Policy of which this Endorsement forms part (or within any other Endorsement which forms part of this Policy), this Policy does not insure:

(a) any loss, damage, cost or expense, or
(b) any increase in insured loss, damage, cost or expense, or
(c) any loss, damage, cost, expense, fine or penalty, which is incurred, sustained or imposed by order, direction, instruction or request of, or by any agreement with, any court, government agency or any public, civil or military authority, or threat thereof, (and whether or not as a result of public or private litigation),

which arises from any kind of seepage or any kind of pollution and/or contamination, or threat thereof, whether or not caused by or resulting from a peril insured, or from steps or measures taken in connection with the avoidance, prevention, abatement, mitigation, remediation, clean-up or removal of such seepage or pollution and/or contamination or threat thereof,

The term "any kind of seepage or any kind of pollution and/or contamination" as used in this Endorsement includes (but is not limited to):

(a) seepage of, or pollution and/or contamination by, anything, including but not limited to … any substance designated or defined as toxic, dangerous, hazardous or deleterious to persons or the environment under any other Federal, State, Provincial, Municipal or other law, ordinance or regulation; and
(b) the presence, existence, or release of anything which endangers or threatens to endanger the health, safety or welfare of persons or the environment.

\* \* \*

30. The Limit of Liability Clause provides as follows:

**LIMIT OF LIABILITY CLAUSE**

It is hereby understood and agreed that the following Special Terms and Conditions apply to this policy:

\* \* \*

2) The premium for this policy is based upon the Statement of Values on file with the company, or attached to this policy. In the event of loss hereunder, and subject to any Co-insurance provisions if stated within this Policy, liability of the company shall be limited to the least of the following:

   A. The actual adjustment amount of loss, less applicable deductible(s)

   B. The total stated value for the property involved, as shown on the latest Statement of Values on file with the company, less applicable deductible(s).

   C. The Limit of Liability or Amount of Insurance shown on the face of this policy or endorsed onto this policy.

31. Beazley contends that one or more of the terms, conditions, and exclusions cited above applies to define, exclude, or limit coverage and thus applies to limit or preclude damages payable under the Policy in this matter.

32. Specifically, Beazley contends that Daniels Hospitality did not sustain direct physical loss of or damage to Covered Property caused by or resulting from a Covered Cause of Loss as required by the Policy. Daniels Hospitality confirmed that there was no direct physical loss or damage to its Properties and it only sustained losses from to reduced operations due to governmental orders. The limited Civil Authority coverage must arise from direct physical loss or damage to property, which Daniels Hospitality does not claim occurred.

33. Regardless, the Policy excludes any losses arising from loss of market, loss of use, microorganisms, or the threat of anything which endangers or threatens to endanger the health, safety, or welfare of persons, and Daniels Hospitality's losses can be linked to one or more of these exclusions from coverage.

## VI. CLAIM FOR DECLARATORY RELIEF

34. Beazley hereby incorporates by reference the preceding paragraphs.

35. Pursuant to 28 U.S.C. § 2201, Beazley seeks a declaration including, but not limited to, the following:

    A. Whether the claimed business income losses for COVID-19 constitute covered losses under the Policy;

    B. Whether the Policy requires direct physical loss of or damage to property for business income losses, including coverage under the Civil Authority coverage in the Business Income (Without Extra Expense) Coverage Form (CP 00 32 04 02);

    C. Whether Daniels Hospitality has sustained direct physical loss of or damage to property from COVID-19 at any of its locations;

      D.      Whether the Policy excludes coverage for the claimed business income losses;

      E.      Whether Daniels Hospitality has claimed an excluded loss arising from an ordinance or law regulating the use of its property;

      F.      Whether Daniels Hospitality has claimed an excluded loss for loss of use and/or loss of market;

      G.      Whether Daniels Hospitality has claimed an excluded loss for arising out of or relating to a microorganism of any type, nature, or description, including but not limited to any substance whose presence poses an actual or potential threat to human health;

      H.      Whether Daniels Hospitality has claimed an excluded loss arising from the presence, existence, or release of anything which endangers or threatens to endanger the health, safety or welfare of persons;

      I.      Whether Daniels Hospitality has claimed an excluded loss for acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body;

      J.      Whether Daniels Hospitality's recovery is limited by the Limit of Liability Clause; and

      K.      Whether any payment is owed by Beazley to Daniels Hospitality under the Policy.

36.    Beazley reserves the right to assert additional Policy provisions as the case develops, as there may be other provisions that apply of which Beazley has no present knowledge. Therefore, Beazley requests that the Court make such other and further declarations as may be appropriate.

## VII. <u>PRAYER</u>

37.    Accordingly, Beazley prays that Daniels Hospitality be summoned to appear and answer herein, and that upon trial hereof, the Court declare whether Beazley must pay Daniels Hospitality for all covered damages owed for this loss; whether Beazley has any further duties in

this matter; and that Beazley be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

        Respectfully submitted,

        SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP

By: */s/ Jay W. Brown*
    **Jay W. Brown** – Attorney in Charge
    Texas Bar No. 03138830
    jbrown@shackelford.law
    **Bruce R. Wilkin**
    Texas Bar No. 24053549
    bwilkin@shackelford.law
    717 Texas Avenue, 27th Floor
    Houston, Texas 77002
    Phone: (832) 415-1801
    Fax: (832) 565-9030

ATTORNEYS FOR PLAINTIFF
BEAZLEY UNDERWRITING, LTD.